**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BANY DANIEL ORTIZ DIAZ #A222-555-104** | **CASE NO. 1:26-CV-02848 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TODD M LYONS** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is an "Emergency Motion to Stay Removal and to Preserve the Court's Jurisdiction Pending Resolution of Petition for Writ of Habeas Corpus" (Doc. 2)[1] wherein Petitioner, Bany Daniel Ortiz Diaz, moves for immediate relief. Petitioner requests that the Court temporarily prohibit Respondents from removing him from the United States while his habeas action remains pending, direct Respondents to not transfer him outside the jurisdiction of this Court absent prior authorization for the Court or extraordinary circumstances, and preserve the status quo pending final resolution of Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner is a native of Guatemala. Petitioner was residing in Ohio when the state of Ohio relinquished custody pursuant to an immigration detainer. Only July 20, 2026, an immigration judge granted Petitioner voluntary departure. Petitioner complains that he is being detained by the United States Immigration and Customs Enforcement at the Winn Correctional Center in Winnfield, Louisiana.

Petitioner informs the Court that he has established deep and meaningful ties in the United States through years of residence, employment, family commitment, and active participation. He

---

[11] The Court notes that Petitioner's Petition for Writ of Habeas Corpus has been docketed as deficient because it was not submitted on approved forms. See Doc. 3.

is or was engaged to Shenli Yudit Verdugo Velasquez, a United States citizen, and they had planned their wedding for July 25, 2026. Additionally, Petitioner and Velasquez are parents to two young children, and Ms. Velasquez is expecting a third child.

## LAW AND ANALYSIS

As noted above, Petitioner is seeking an order to prohibit his removal from the United States, enjoin Respondents from transferring him to another jurisdiction, and preserve the status quo pending his habeas proceeding. Based on Petitioner's requested relief, the Court considers the instant motion as a temporary restraining order.

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

Here, the bare allegations Petitioner has raised are insufficient to show a likelihood of success on the merits. Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion to Stay Removal and to Preserve the Court's Jurisdiction Pending Resolution of Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 4th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**